THOMAS COOPWOOD *vs.* BALDWIN and GRAY.

Where C. took the responsibility, as attorney, of dismissing a suit instituted by
B. and G. against S., and received in payment claims upon other parties, C.
became *primâ facie* liable in an action on the case for the amount of the claim
sued on against S.; and he can only be discharged by showing that a judgment,
if rendered on the claim at the regular trial of the case would have
been unavailing and valueless.

A proceeding by motion made against a party for money collected as an attor-
ney, is no bar to a recovery in an action on the case for damages, resulting
from an illegal and unauthorized act.

In error from the circuit court of Monroe county; Hon. F.
M. Rogers, judge.

This was an action of assumpsit, commenced by Baldwin
& Gray on the 17th May, 1849, to recover from defendant, Coop-
wood, $363.32, and interest from 22d May, 1844, as so much
money by him collected for plaintiffs as attorney. Defendant
filed three pleas : first, non-assumpsit; second, that he had dis-
charged the several sums demanded; and third, a former re-
covery of the same matters here demanded. To this defence
replication was made, traversing and denying the third plea
only.

On the 24th October, 1849, upon the defendant's motion, the
second count in plaintiffs' declaration was dismissed with
leave to amend, (this was a common count of indebtedness;)
and on the 19th April, 1850, judgment was rendered for plain-
tiffs for $473.20 and costs; and thereupon defendant filed the
following bill of exceptions, &c., showing, that upon the trial
plaintiffs read their declaration, then defendant his pleas, then
plaintiffs their replication. The plaintiffs then read the declara-
tion in the suit of Baldwin & Gray against M. N. W. Smith,
and defendant's order to dismiss that suit directed to clerk
circuit court Monroe county, and then defendant's receipt to
M. N. W. Smith for amount sued for in said suit, dated April
3, 1845. Plaintiffs then introduced A. Smith as a witness, who

proved, that this receipt was given in full for the account sued on in said suit, and that the notes given as stated in that receipt were good; that this was the best arrangement the firm of A. & M. W. Smith could make at that time for the payment of that debt. In the fall of 1844, and before that receipt, the firm of A. & M. W. Smith had stopped business.

The jury found a verdict for the plaintiffs, and defendant (Coopwood) prayed this writ of error.

*Adams* and *Dixon*, for appellant.

We insist that there are several errors in the record and proceedings in this cause, for which the judgment should be reversed and the cause remanded.

1st. There were several special pleas on which no formal issue was taken, that could or did present any issue to the jury; but in making up the pleadings, there is a mere memorandum of "issue in short by consent." By a recent decision of this court, we understand this to have been decided irregular, informal, and insufficient as an issue. 6 How. 193; 2 S. & M. 307; and case recently decided and not reported.

2d. It does not appear, that there was a regular and full jury to pass upon and try the issues, if any were presented; on the contrary, the record only says, "thereupon came also a jury of good and lawful men, to wit, John Wise, and eleven others," without naming them, or showing that there was in fact a lawful jury of twelve men. This has repeatedly been held a fatal objection. *Wolf et al.* v. *Martin*, 1 How. 30.

3d. It was error in the court and jury not to sustain the plea of former trial and recovery. The record shows, at page 11, that there had been a motion entered against defendant, for a judgment for the amount of the sum here sued for, being the same debt, and that motion had been decided in Coopwood's favor.

*R. Davis*, for appellees.

This was an action of assumpsit, brought by plaintiffs to recover of the defendant, upon his receipt as an attorney, the amount of a claim given to him for collection. The defence

Coopwood *v.* Baldwin et al.

was payment, and former recovery, and non-assumpsit. The record shows that plaintiffs fully made out their case, and that the defence failed entirely.

Attorneys are liable in this mode of proceeding. And see their liability generally, 3 Johns. 185; 6 Ib. 34; Walker, 362; 1 How. 293; 3 Ib. 314.

When a party mistakes his form of action, he will not be concluded. 2 Saunders, Plead. & Evid. 613; Ib. 47; 3 Cow. 120; 7 Johns. 20.

Mr. Justice YERGER delivered the opinion of the court.

We do not find any error in this record. When the plaintiff in error, as attorney for Baldwin & Gray, without authority from them, took the responsibility of dismissing their suit against Smith, and received in payment of it, from Smith, claims upon other parties, he became liable *primâ facie* in an action on the case for the amount of their claim against Smith, which liability he could only discharge by showing, that a judgment, if rendered on the claim at the regular trial term of the suit, would have been unavailing and valueless. There is no such proof in the record, but the evidence would seem to warrant a contrary conclusion.

We do not think the proceedings on the motion against plaintiff in error, for money collected as an attorney, is a bar to a recovery in an action on the case for damages, resulting from his unauthorized and illegal action in dismissing the suit against Smith.

Let the judgment be affirmed.